[Docket Nos. 16, 17, 19, 22, 23, 31, 32, 36, 38]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ELIZABETH PETER, | |
| Plaintiff, | Civil No. 23-2477 (RMB-EAP) |
| v. | |
| STATE OF NEW JERSEY, et al., | **OPINION** |
| Defendants. | |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon Motions to Dismiss filed by the various Defendants in this lawsuit brought by *pro se* Plaintiff Elizabeth Peter, beneficiary for the Estate of Elizabeth Peter and the Trustee for The A&A Trust. For the reasons set forth herein, the First Amended Complaint is **DISMISSED with prejudice**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a state court collection action brought by a homeowners' association—Defendant Tavistock at Mays Landing Homeowners Association, Inc. ("Tavistock")—against The A&A Trust, for which Plaintiff is apparently the trustee. Tavistock sued The A&A Trust in state court for breach of a homeowners' association agreement alleging that The A&A Trust, as record owner of a home in Mays Landing, New Jersey, (1) failed to pay monthly homeowners'

association fees and other charges; and (2) improperly leased portions of the property to third parties. [*See Tavistock at Mays Landing Homeowners' Ass'n, Inc. v. The A&A Trust,* No. ATL-DC-000104-23 (N.J. Super. Ct. filed Jan. 10, 2023) (the "State Court Action").] Tavistock demanded judgment of $9,050.84 plus interest, costs, attorneys' fees, and additional sums that accrued prior to judgment, and an order compelling The A&A Trust to comply with the homeowners' association agreement. [*See id*.]

On February 3, 2023, Plaintiff removed the State Court Action to this Court. [*See Peter v. Tavistock at Mays Landing Homeowners' Ass'n, Inc.*, No. 23-CV-621 (filed Feb. 3, 2023) (the "Removal Action") at Docket No. 1-7 ("Removal Docket").] The basis of her removal, however, was not an underlying federal claim in the State Court Action (there were none) or diversity of citizenship (which, as explained below, did not exist). Rather, Plaintiff in a Third-Party Complaint alleged sweeping violations of her federal civil and constitutional rights related to the State Court Action against (i) Tavistock's lawyers (Defendants Eric D. Mann, Paul D. Aaronson, Michael J. Ruffu); (ii) her neighbors (Defendants Karen Bartal—secretary for the homeowners' association board of directors—and Dennis Bartal); (iii) a New Jersey Superior Court judge (Defendant Judge John C. Porto); (v) and the State of New Jersey. [*See generally* Removal Docket No. 1.] Plaintiff demanded $3.8 million in damages for her claims. [*Id*.] Plaintiff amended her complaint to add two more parties, another New Jersey Superior Court judge (Defendant Judge Ralph A. Paolone), and Karen Bartal's lawyer (Defendant Jennifer Kurtz). [Removal Docket No. 5.]

2

Defendants in the Removal Action filed motions to dismiss. On March 30, 2023, the Court dismissed Plaintiff's claims for lack of jurisdiction and remanded the matter to the New Jersey Superior Court. [Removal Docket No. 30 ("Remand Order").][1] The Court concluded that it did not have federal question subject matter jurisdiction because Plaintiff's federal civil rights claims did not appear on the face of Tavistock's removed state court complaint which only asserted state law breach of contract claims; instead, Plaintiff's federal civil rights claims were asserted as defenses and counterclaims in her Third-Party Complaint. [*See* Remand Order at 3–4 (*first citing* 28 U.S.C. § 1441(a), *then citing Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Additionally, the Court found that diversity jurisdiction could not prevent dismissal and remand given that, as pleaded in the removed state court complaint, both Tavistock and The A&A Trust are New Jersey entities, and the amount-in-controversy (roughly $9,000) was well under the $75,000 federal diversity statutory requirement. [Remand Order at 5 (citing 28 U.S.C. § 1332(a)).]

The Remand Order did not stop Plaintiff from charging ahead with her claims. On May 9, 2023, Plaintiff re-filed an essentially identical version of the dismissed Third-Party Complaint from the Removal Action to open the instant action. [*See* Docket No. 1.] The only material difference was that Plaintiff added to

---

[1] The Court also denied Tavistock's request for an award of costs and attorney's fees under 28 U.S.C. § 1447(c), incurred as a result of Plaintiff's removal. [Remand Order at 5.] Considering her *pro se* status, the Court assumed that Plaintiff was simply mistaken about her entitlement to removal and declined to infer bad faith and award fees and costs. [*Id.*]

the host of Defendants she previously named. She named this Court as a defendant as well as Hyberg White & Mann, P.C. (the law firm of previously named attorney defendants), Karyn Branco (who represented Defendants Tavistock and Karen Bartal in the Removal Action), and Joseph J. Giralo, the Atlantic County Clerk. [*Id.*][2] Because Plaintiff named this Court as a defendant, a newly assigned judge of this District was required to "promptly determine" whether Plaintiff's claims against this Court were patently frivolous or judicial immunity applie[d] … warrant[ing] dismissal of the defendant Judge." *See* L.CIV.R. 40.1(h). Judge Martinotti of the U.S. District Court for the District of New Jersey found that the suit was patently frivolous or judicial immunity applied and dismissed this Court as a defendant. [Docket No. 4 at 2–3.]

On July 10, 2023, and despite the Court's prior Remand Order, Plaintiff (for a second time) purported to remove the State Court Action to this Court filing an "Amended Complaint and Notice of Removal from State Court." [Docket No. 29 at 1.][3] The claims in the First Amended Complaint are nearly identical to both the original complaint and the dismissed Third-Party Complaint in the Removal Action. The First Amended Complaint (again) names this Court as a defendant—despite previously being dismissed per Judge Martinotti's order[4]—as well as the Honorable

---

[2] Plaintiff also dropped Jennifer Kurtz as a defendant.

[3] It does not appear this "removal" had any effect on the state court proceedings which continued despite Plaintiff's purported removal.

[4] Plaintiff's First Amended Complaint does not make any new allegations against this Court other than those considered and dismissed by Judge Martinotti. [*Compare* Compl., Docket No. 1 ¶¶ 10, 14, 15, *with* FAC ¶¶ 10, 14, 15 (same allegations).]

4

Dean R. Marcolongo, New Jersey Superior Court Judge. [*Id.*] Defendants moved to Dismiss. [*See* Docket Nos. 22 (Defendant Branco), 23 (Defendant Giralo), 31 (Defendant Bartal), 32 (Defendants Hyberg White & Mann, P.C., Aaronson, Mann, Ruffu), 36 (Defendants Paolone, Porto, State of New Jersey).][5] Plaintiff filed a barrage of frivolous and irrelevant motions in response. [*See* Docket Nos. 18 (Notice of Non-Judicial Temporary Restraining Order, Permanent Injunction and Demand for an Emergency Hearing); 21, 45 (Notices of Demand to Strike Notices of Appearance); 35, 39 (Notices of Supplemental Pleading); 42, 43 (Notices and Demands for Default and Settlement Hearing).][6]

## II.   ANALYSIS

### A.   The First Amended Complaint is Dismissed Under Rule 12(b)(1)

To the extent Plaintiff's First Amended Complaint is an attempt to violate the Remand Order and improperly remove the underlying State Court Action again, the Court dismisses the Complaint for lack of subject matter jurisdiction and remands this case for the same reasons explained in the Remand Order. [*See generally* Remand Order; *see also* 28 U.S.C. § 1447(c).] As the Court previously explained, the State

---

[5] The Court notes that Defendant Karyn Branco only moved to dismiss Plaintiff's original complaint and not the First Amended Complaint. [*See* Docket No. 22.] The Court also notes that there is not a single allegation in the First Amended Complaint against Branco. Judge Marcolongo did not move to dismiss although it appears as though he was never served with a summons.

[6] All of these pending frivolous motions are denied with prejudice because, as explained *infra*, the Court lacks subject matter jurisdiction.

Court Action is a breach of contract case providing no basis for federal question jurisdiction. [*Id.* at 4.] Plaintiff's attempted removal of the State Court Action based on federal question jurisdiction fails because her alleged federal civil rights claims do not arise on the face of the state court complaint—they are merely defenses and counterclaims to the State Court Action. *See Taylor*, 481 U.S. at 63. There is also no basis for diversity jurisdiction since The A&A Trust and all Defendants are New Jersey citizens and Tavistock seeks only $9,050.84 plus interest, costs, and attorneys' fees in the State Court Action, well under the federal statutory amount-in-controversy requirement. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b)(2).

If, however, Plaintiff's First Amended Complaint can be more fairly characterized as an amendment to the original complaint filed in this action (which did not purport to be a removal of the State Court Action), the Court still lacks subject matter jurisdiction and dismisses this case in full.

A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations in the complaint "are so attenuated ... as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... or no longer open to discussion." *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)); *Smith v. Laster*, 787 F. Supp. 2d 315, 318 (D. Del. 2011) (dismissing frivolous *pro se* complaint *sua sponte*). That applies with equal force to *pro se* complaints which must be construed liberally. *See DeGrazia*, 316 F. App'x at 172–73.

6

There is no question that Plaintiff's complaint is obviously frivolous. Start with Plaintiff's purported federal claims. Plaintiff baldly asserts that Defendants—all of them—violated her federal civil rights by "using an unfair court process" against her by prosecuting the State Court Action. [FAC at 16 ¶ 8.] It appears that the core of Plaintiff's pleading is that there is no contract between her and Tavistock such that Tavistock could sue her for a breach of contract to collect unpaid homeowner association fees and fines. [FAC at 8 ¶¶ 1–2.] How that raises any issue of federal civil rights, or how the State Court action is "unfair" is not clear. Plaintiff's conclusory and implausible assertions to the contrary are rejected. [*See, e.g.*, FAC at 6 ¶ 7 ("The Defendants are violating Federal Laws"); FAC at 6 ¶ 8 ("The Defendants are violating Plaintiff's rights to due process in State Court whereby [they] are liable under 42 U.S.C. 1983 a Federal Civil Rights law[]"); FAC at 16 ¶ 8 ("The Defendants are in violation of the Plaintiff's right to due process under 42 U.S.C. 1983 by using an unfair court process that is in violation of the Federal Laws and the court rules.").] The Court dismisses each federal claim asserted under Rule 12(b)(1) with prejudice as frivolous. *Banks v. Dir. Cent. Intel. Agency*, 2022 WL 903385, at *1 (D.N.J. Mar. 28, 2022), *aff'd*, 2022 WL 4533823 (3d Cir. Sept. 28, 2022) (dismissing with prejudice where action was frivolous).[7]

---

[7] Alternatively, the Court dismisses under Federal Rule of Civil Procedure 8 which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When a complaint is "illegible or incomprehensible," dismissal under Rule 8 is appropriate. *See Mincy v. Klem*, 303 F.App'x 106 (3d Cir. 2008). Dismissal under Rule 8 is also appropriate when the pleading "[leaves] the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v.*

7

Plaintiff's state law claims fare no better. They are equally "attenuated and unsubstantial as to be absolutely devoid of merit" as Plaintiff's federal claims. *See DeGrazia*, 316 F. App'x at 173. Even if they were not, however, the Court has no jurisdiction to hear Plaintiff's state law claims after now having dismissed her federal claims. When a federal court dismisses all federal claims from a complaint, it may only exercise supplemental jurisdiction over any remaining state law claims if it otherwise has original jurisdiction over those state law claims. *See* 28 U.S.C. § 1367; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). Here, the only other basis for the Court's subject matter jurisdiction would be based on diversity of citizenship. 28 U.S.C. § 1332(a).

The federal diversity statute requires that a controversy be between citizens of different states—a plaintiff cannot be from the same state as any of the defendants. 28 U.S.C. § 1332(a); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013). Additionally, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

The Court does not have diversity of citizenship over Plaintiff's remaining state law claims because all parties are citizens of New Jersey. [*See* FAC Caption at 1–2.] Plaintiff claims she is a "sovereign woman with dominion" and a citizen of the

---

*Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when it is so "'rambling and unclear' as to defy response," *Vance v. McGinley*, 2021 WL 2906070, at *4 (M.D. Pa. June 21, 2021), *R&R adopted*, 2021 WL 2894826 (M.D. Pa. July 9, 2021) (quoting *Tillio v. Spiess*, 441 F.App'x 109 (3d Cir. 2011)).

state of California or a "Citizen of all States, and one of the people, and a beneficiary of the Republic U.S.A. Constitution of 1789/1791." [*See* FAC at 7 ¶ 1; FAC, Ex. A at 6; FAC, Ex. B.] Nonsense. Plaintiff is clearly a citizen of New Jersey and courts must summarily dismiss theories of jurisdiction and citizenship predicated on a plaintiff's self-proclaimed status as a "sovereign citizen." *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that a person claiming to be a "sovereign citizen" is "not beyond the jurisdiction of the courts," and that "[t]hese theories should be rejected summarily, however they are presented"); *Ibrahim v. Att'y Gen.*, 2021 WL 3012660, at *2 (3d Cir. July 16, 2021) (same). Plaintiff appears to be domiciled—and has not met her jurisdictional burden to show otherwise—at the property owned by her Trust located in Mays Landing, New Jersey. In any case, and as explained above, the amount in controversy at issue is well under $75,000; Plaintiff's $3.8 million damages claim is plainly not in good faith. *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."). Thus, the Court dismisses, with prejudice, Plaintiff's state law claims for lack of subject matter jurisdiction.[8]

### B.   The Court Declines to Order Fees and Costs For Improper Removal

Pursuant to 28 U.S.C. § 1447(c), Tavistock renews its request made in the Removal Action for the Court to order an award of costs and attorney's fees incurred

---

[8] Again, the Court, in the alternative dismisses these claims under Federal Rule of Civil Procedure 8. *See supra* at 7 n.7.

as a result of Plaintiff's removal. [*See* Tavistock Br., Docket No. 38-1 at 4–8; *see also* Removal Docket No. 27.] As explained above, the Court declined that request in its Remand Order given Plaintiff's *pro se* status and its (generous) assumption that Plaintiff was mistaken about her entitlement to remove the State Court Action. [Removal Order at 5–6.] The Court cannot conclude that the filing of this case was the product of mistake by Plaintiff. As an exercise of caution, however, the Court again declines to order Plaintiff to pay fees and costs. Plaintiff initially did not purport to remove the State Court Action when opening this matter but, in amending her complaint, she did purport to remove the State Court Action again. [*Compare* Docket No. 1 at 1, *with* FAC at 1.] It seems, however, that despite Plaintiff's purported removal in this action, proceedings in the State Court Action continued as normal. *See generally Tavistock*, No. ATL-DC-000104-23. Just because Plaintiff says her First Amended Complaint is a removal does not make it so. *See* 28 U.S.C. § 1446(d) (effect of removal terminates state court proceedings unless and until the case is remanded). Accordingly, the Court declines to order fees and costs for a second improper removal. *See Oak Knoll Vill. Condo. Owners' Ass'n v. Jaye*, 2015 WL 4603715, at *2 (D.N.J. July 30, 2015) (denying request for fees even where removal was "improper" because plaintiff was "acting *pro se*, and the court generally grants *pro se* litigants more latitude than it would an attorney admitted to practice before this court").

The Court will, however, formally admonish Plaintiff for filing this plainly frivolous action and attempting an end-run around the Court's prior Remand Order.[9] She is hereby placed on notice that the filing of any future frivolous papers in this action or the opening of any new frivolous lawsuits, including any attempt to re-litigate the subject matter of this case, may result in a monetary sanction of up to $1,000. *See Skoorka v. Kean U.*, 2017 WL 6539449, at *3 (D.N.J. Dec. 21, 2017) ("*Pro se* litigants are not shielded from the sanctions offered by Rule 11."); *Nufrio v. Quintavella*, 2012 WL 458437, at *4 (D.N.J. Feb. 10, 2012) (sanctioning *pro se* plaintiff for repeated frivolous filings, ordering payment of $1,000 as a deterrent for future violations, and advising *pro se* plaintiff that attempts to file future frivolous motions or lawsuits would result in the impositions of additional monetary sanctions, including reasonable attorney's fees and costs). The Court reserves the right to impose additional or alternative sanctions, including reasonable attorney's fees and costs.

Additionally, the Court puts Plaintiff on notice that further frivolous prosecution of this action may require Plaintiff to show cause as to why the Court should not preclude her from future filings without first obtaining leave of Court,

---

[9] The Court further notes Plaintiff's filing of another action before this Court brought against the Attorney General of New Jersey and others related to a series of traffic violations. *See Peter v. Attorney General of the State of New Jersey*, No. 23-3337 (D.N.J. filed June 16, 2023). The Court has likewise found that case to be frivolous and dismissed it with prejudice. *See generally Peter v. Attorney General of the State of New Jersey*, No. 23-3337, Slip Op. (D.N.J. Jan. 24, 2024).

unless she is represented by counsel. *See Edmondson v. Lilliston Ford, Inc.*, 2023 WL

6890843, at *3 (D.N.J. Oct. 19, 2023). As the Third Circuit has explained:

> It is well within the broad scope of the All Writs Act for a district court
> to issue an order restricting the filing of meritless cases by a litigant whose
> manifold complaints raise claims identical or similar to those that already
> have been adjudicated. The interests of repose, finality of judgments,
> protection of defendants from unwarranted harassment, and concern for
> maintaining order in the court's dockets have been deemed sufficient by
> a number of courts to warrant such a prohibition against relitigation of
> claims.

*In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982).

## III.    CONCLUSION

For the foregoing reasons, the First Amended Complaint is **DISMISSED with**

**prejudice**. *See Lai v. BNY Mellon Co.*, 2022 WL 617035, at *2 (D.N.J. Mar. 1, 2022)

("Because Plaintiff's 'various filings in the District Court seem to reflect an inability

to submit coherent, intelligible pleadings,' any amendment would be futile, and this

dismissal is with prejudice.") (quoting *Foster v. Raleigh*, 445 F. App'x 458, 460 (3d

Cir. 2011)); *Caterbone v. Nat'l Sec. Agency*, 786 F. App'x 351, 352 (3d Cir. 2019)

(affirming dismissal with prejudice where the district court had determined, based on

a history of filing numerous frivolous complaints, that any amendment would be

futile). The Court will not tolerate Plaintiff's abuse of the justice system. An

accompanying Order shall issue.


**January 26, 2024**                                    **s/Renée Marie Bumb**
Date                                                              RENÉE MARIE BUMB
                                                                      Chief United States District Judge


12